## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| DUSTIN WALKER, Individually and for Others Similarly Situated, | Case No. |
| Plaintiff | Collective Action |
| v. | |
| STAKE CENTER LOCATING, INC. | Jury Trial Demanded |
| Defendant | |

## ORIGINAL COMPLAINT

### SUMMARY

1.      Stake Center Locating, Inc. (SCL) does not pay overtime to the hourly employees it employs as required by the Fair Labor Standards Act (FLSA).

2.      Instead, SCL pays these workers the same hourly rate for all hours worked up to 40 hours with no additional compensation for those hours worked in excess of forty in a workweek.

3.      SCL did not pay Dustin Walker (Walker) or any other workers like him, overtime as required by the FLSA.

4.      Walker brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the facts giving rise to this suit occurred in this District and Division.

7.      Walker worked for SCL in Salt Lake City, Utah.

8.      SCL is a Utah corporation with its principal place of business in Layton, Utah.

## THE PARTIES

9.      Walker was an hourly employee of SCL.

10.     His written consent is attached as Exhibit A.

11.     SCL employed Walker and those similarly situated to him.

12.     **Stake Center Locating, Inc**. may be served with process by serving its registered agent c/o Corporation Service Company, 15 West South Temple, Suite 600, Salt Lake City, Utah 84101.

## COVERAGE UNDER THE FLSA

13.     At all relevant times, SCL was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14.     At all relevant times, SCL was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.     At all relevant times, SCL was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

16.     At all relevant times, SCL has had an annual gross volume of sales made or business done of not less than $500,000.

17.     At all relevant times, Walker and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

18.     SCL is a Utah corporation.

19.     SCL specializes in the locating utility services.

20.     Walker worked for SCL in and around Salt Lake City, Utah and Houston, Texas.

21.     Walker was an hourly employee of SCL.

22.     Walker earned between $18 and $20 per hour while working for SCL.

23.     Walker worked as a Utility Locator.

24.     Walker would locate fiber optic network lines for companies like Verizon and Crown Castle.

25.     Walker and the Putative Class Members would locate lines for gas, electrical, cable and communications.

26.     Walker's and the Putative Class Members' job duties were routine and governed by SCL's policies and procedures.

27.     Walker and the Putative Class Members' job duties made them non-exempt from the FLSA's overtime requirements.

28.     The pay practice which Walker and the Putative Class Members' were subjected to made them non-exempt under the FLSA's overtime requirements.

29.     Walker worked for SCL from May of 2014 until August of 2018.

30.     Walker was not guaranteed a salary.

31.     If Walker worked less than 40 hours in a week, he was only paid for the hours he worked.

32.     But Walker normally worked more than 40 hours in a week.

33.     Walker regularly worked 60 hours per week.

34.     But SCL paid Walker and the Putative Class Members (defined below) at their regular hourly rate for all hours worked in a week, up to 40 hours.

35.     SCL instructed Walker and the Putative Class Members to input more than 40 hours in a single workweek.

36.     Thus, rather than receiving time and a half as required by the FLSA, Walker did not receive any compensation for hours worked over 40 in a workweek.

37.     The failure to compensate non-exempt Utility Locator's overtime compensation violates the FLSA.

38.     After 40 hours of work, Walker and the Putative Class Members (defined below), were not paid any additional compensation.

39.     SCL has known about the FLSA, and its overtime requirement, for many years.

40.     SCL was sued by the Secretary of Labor for wage and hour violations in 2008.

41.     SCL nonetheless failed to pay certain hourly employees, such as Walker, overtime.

42.     SCL's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

43.     SCL's illegal compensation policy of extends beyond Walker.

44.     SCL paid its Utility Locators an hourly rate up to 40 hours without compensation for hours worked over 40 in a workweek.

45.     SCL paid numerous of hourly Utility Locators according to the same unlawful scheme.

46.     Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

47.     The workers impacted by SCL's illegal compensation scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

48.     Therefore, the class is properly defined as:

**All Utility Locators who performed services for Stake Center Locators who were, at any point in the past 3 years, not paid time and a half for hours worked over 40 in a workweek (The "Putative Class Members").**

### CAUSE OF ACTION – VIOLATION OF THE FLSA

49.     By failing to pay Walker and the Putative Class Members overtime at one-and-one-half times their regular rates, SCL violated the FLSA's overtime provisions.

50.     SCL owes Walker and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

51.     Because SCL knew, or showed reckless disregard for whether its pay practices violated the FLSA, SCL owes these wages for at least the past three years.

52.     SCL is liable to Walker and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

53.     Walker and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

54.     Walker demands a trial by jury.

### PRAYER

55.     Walker prays for relief as follows:

a.     An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who did not receive any compensation over 40 hours in a workweek;

b.     Judgment awarding Walker and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c.     An award of pre- and post-judgment interest on all amounts awarded at the

highest rate allowable by law; and

d.     All such other and further relief to which Walker and the Putative Class

Members may show themselves to be justly entitled.

Respectfully submitted,

*/s/ M. Paige Benjamin*

By: _____

M. Paige Benjamin
Utah Bar No. 9722
PO Box 1464
Provo, Utah 84603
801-822-9210 – Telephone
801-228-2425 – Facsimile
paigebenjamin@mac.com

Richard J. (Rex) Burch (*pro hac vice forthcoming*)
Texas Bar No. 24001807
David I. Moulton (*pro hac vice forthcoming*)
Texas Bar No. Tex. Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

Michael A. Josephson (*pro hac vice forthcoming*)
Texas Bar No. 24014780
Andrew W. Dunlap (*pro hac vice forthcoming*)
Texas Bar No. 24078444
**Richard M. Schreiber** (*pro hac vice forthcoming*)
Fed. Id. 705430
State Bar No. 24056278
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Telecopier: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**